UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-60176-RUIZ/STRAUSS

**ERIC WATKINS,**

    Plaintiff,

v.

**NICOLENE JOHNSON,**

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court upon Defendant's Motion to Dismiss [DE 4] ("Motion"). The Motion has been referred to me to take all necessary and proper action as required by law [DE 13]. I have reviewed the Motion and all other filings in this case. For the reasons discussed herein, I respectfully **RECOMMEND** that this case be **REMANDED** to the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. In the alternative, should this Court find that it has subject matter jurisdiction, I respectfully recommend that the Motion [DE 4] be granted and that this case be dismissed with prejudice.

## BACKGROUND

On September 15, 2020, Plaintiff commenced this action against Defendant in state court, alleging that Defendant violated his Fourth Amendment Rights when she falsely arrested him. Defendant subsequently filed a Notice of Removal [DE 1], removing the matter to this Court. Count One of Plaintiff's two-count Complaint [DE 1-1] has been brought against Defendant in her individual capacity. Count Two is brought against Defendant in her official capacity.

According to the Complaint, on August 13, 2014, Plaintiff was parked in a private parking lot open to public use at 3661 West Oakland Park Blvd. Complaint ¶ 5. Defendant made contact (with two other deputies), ordered Plaintiff out of his car, and informed Plaintiff he was under arrest for trespass after warning. *Id.* ¶ 6. Defendant indicated that the property manager had informed her that he ordered Plaintiff to leave, but Plaintiff refused and cursed out the property manager. *Id.* Plaintiff alleges that he was never ordered to leave the property. *Id.* ¶ 7. Both counts of the Complaint stem from the same incident.

This is not the first action Plaintiff has filed against Defendant. In a 2018 case, *Watkins v. Broward Sheriff Office*, No. 18-cv-61843-CMA (S.D. Fla.) ("Prior Case"), Plaintiff also sued Defendant in her individual and official capacities. Plaintiff also separately named the Broward Sheriff's Office and the Sheriff in that case. The court dismissed Plaintiff's initial complaint in the Prior Case without prejudice and with leave to amend. *See Watkins v. Broward Sheriff Off.*, No. 18-61843-CIV, 2019 WL 11504741 (S.D. Fla. Jan. 11, 2019). Thereafter, it dismissed Plaintiff's amended complaint on the merits. *See Watkins v. Broward Sheriff Off.*, No. 18-61843-CIV, 2019 WL 11504747 (S.D. Fla. Apr. 5, 2019). The Eleventh Circuit affirmed. *See Watkins v. Broward Sheriff Off.*, 824 F. App'x 865 (11th Cir. 2020). As the amended complaint and the three aforementioned decisions from the Prior Case make clear, the material factual allegations in the prior case are largely identical to the material factual allegations in this case. However, unlike the amended complaint in the Prior Case which contained three counts, the Complaint in this case only contains two counts. Additionally, the amended complaint in the Prior Case referenced 42 U.S.C. § 1983, but the Complaint in this case does not.

## ANALYSIS

**I.  SUBJECT MATTER JURISDICTION**

Because I have doubts regarding whether this Court has subject matter jurisdiction, I recommend that this case be remanded to state court.  "Federal courts are courts of limited jurisdiction" that "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted).  Thus, in a case that has been removed, it is the removing party's burden to establish that jurisdiction exists. *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1343 (11th Cir. 2009).  Moreover, in a removed case, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  Significantly, "federal courts are directed to construe removal statutes strictly," and "*all doubts* about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (emphasis added).

In the Notice of Removal, Defendant asserted that this Court has federal question jurisdiction. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").  Specifically, Defendant asserted that "[w]hile not expressly labeled as 'Section 1983 claims' Plaintiff's causes of action are premised on a violation of the Fourth Amendment and will require adjudication of disputed questions of federal law."  [DE 1] ¶ 7.  However, Plaintiff (who is *pro se*)[1] objected to

---

[1] Courts "construe the allegations of a *pro se* complaint liberally, in the light most favorable to the plaintiff." *Darrisaw v. Pennsylvania Higher Educ. Assistance Agency*, 949 F.3d 1302, 1304 (11th Cir. 2020) (citation omitted).

removal,[2] noting that he amended his complaint in the state court case on January 29, 2021 (following removal), "changing the cause[s] of action from constitutional violation claims to exactly what Plaintiff intended them to be – false arrest common law tort claims." [DE 6] at 2. Further, Plaintiff specifically noted that he did not label the Complaint as a § 1983 complaint. *Id.* It is unclear from Plaintiff's objection whether he is asserting that he changed the cause of action from a federal cause of action to a state-law cause of action or whether he made changes to clarify that he was only asserting a state-law cause of action in the first place. Regardless, as Plaintiff filed his amended complaint after removal, it was not the operative complaint at the time of removal. Instead, his initial Complaint [DE 1-1] was the operative complaint at the time of removal, and the existence of subject matter jurisdiction must be determined "based on the operative complaint at the time of removal." *Batchelor v. Am. Optical Corp.*, 185 F. Supp. 3d 1358, 1361 (S.D. Fla. 2016).

"The test ordinarily applied for determining whether a claim arises under federal law is whether a federal question appears on the face of the plaintiff's well-pleaded complaint." *Conn. State Dental Ass'n*, 591 F.3d at 1343 (citation omitted). "As a general rule, a case arises under federal law only if it is federal law that creates the cause of action." *Id.* (citation omitted). Accordingly, federal courts have jurisdiction over § 1983 claims but do not have jurisdiction where only state-law claims are alleged. *See id.*

Significantly, "[a] false arrest claim under § 1983 is substantially the same as a claim for false arrest under Florida law." *Lozman v. City of Riviera Beach*, 39 F. Supp. 3d 1392, 1409 (S.D. Fla. 2014). In fact, "[p]robable cause bars a claim for false arrest under Florida law just as it does under federal law." *Crocker v. Beatty*, No. 18-14682, 2021 WL 1540665, at *8 (11th Cir. Apr. 20,

---

[2] Liberally construed, Plaintiff's objection to removal is arguably a motion to remand.

4

2021) (published opinion) (citations omitted). Here, it is plausible that Plaintiff has attempted to allege either § 1983 claims or state-law false-arrest claims. The Complaint in this case does not caption or title either count beyond labeling them as "Counts One" (sic) and "Counts Two" (sic). Neither count references a particular statute or cause of action in the title. Count One describes the cause of action by alleging that Defendant

> did willfully, intentionally, and with malicious intent to cause Plaintiff mental stress and anguish and hardship – and did cause such – did willfully and intentionally and maliciously violate Plaintiff's Fourth Amendment right not to be seized without probable cause when she falsely arrested me for trespass after warning, a misdemeanor, without probable cause and without witnessing Plaintiff commit a trespass after warning violation."

Complaint ¶ 4. Plaintiff further alleges that, "[a]s a result of the false arrest, he suffered additional mental stress and anguish . . . ." *Id.* ¶ 12. Count One contains citations to *State v. Smith*, 778 So. 2d 329 (Fla. 2d DCA 2000) and *Carter v. State*, 516 So. 2d 312 (Fla. 3d DCA 1987). Both of those cases suppressed evidence after finding that officers in each case had improperly made a warrantless arrest without having witnessed every element of the crime (and thus lacked probable cause). Complaint ¶ 17. The same paragraph also cites § 901.15(1) of the Florida Statutes, which authorizes officers to make a warrantless arrest when a felony, misdemeanor, or ordinance violation is committed in their presence. *Id*. *See also Crocker*, 2021 WL 1540665, at *8 (analyzing the plaintiff's § 901.15(1) argument in the context of his state-law false-arrest claim). Count Two similarly states that Defendant "violated Plaintiff's Fourth Amendment right not to be arrested without probable cause" based on a BSO policy allowing for trespass arrests based on a "no trespassing" sign. Complaint ¶ 18. In Plaintiff's prayer for relief, he seeks (in part) compensatory damages for "the violation of Plaintiff's Constitutional rights" and the "embarrassment, humiliation, mental stress, and anguish" he suffered "as the result of [Defendant's] willful violation of Plaintiff's rights" and "as a result of the arrest." *Id*. ¶¶ 28, 30.

Ultimately, the allegations reveal uncertainty as to the claims being alleged. On one hand, the allegations regarding violations of Plaintiff's constitutional rights make the claims look like § 1983 claims. But on the other hand, the separate references to Plaintiff's alleged false arrest and, significantly, Plaintiff's repeated reliance on state law, make the claims look like they may be state-law claims. Given this uncertainty and that "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking," *Univ. of S. Ala.*, 168 F.3d at 410 (citations omitted), I entered an Order Requiring Defendant to Brief Jurisdictional Issue ("Briefing Order") [DE 14]. As I noted therein, it is unclear whether the claims alleged in the Complaint are § 1983 claims or state-law false-arrest claims, and the Court only has subject matter jurisdiction if the former. In light of the ambiguity in the Complaint regarding the claims alleged, I indicated that there appears to be a "doubt[] about jurisdiction [that] should be resolved in favor of remand to state court." Consequently, I directed Defendant to file a memorandum of law regarding this Court's subject matter jurisdiction based on the operative Complaint at the time of removal.

Defendant has now filed a memorandum of law addressing the jurisdictional issue [DE 17], but it does nothing to dispel any doubts or uncertainty regarding jurisdiction. Again, it is certainly plausible that the Complaint attempts to allege § 1983 claims rather than state-law causes of action. Nevertheless, whether it does so remains unclear, and Defendant's memorandum (which cites no law beyond the law cited in the Briefing Order) does absolutely nothing to assuage any of my concerns, provide any further clarity, or importantly, satisfy Defendant's burden to establish that jurisdiction exists (rather than *might* exist). Therefore, given the presumption that a cause lies outside of this Court's limited jurisdiction, the fact that it was Defendant's burden (as the party

asserting jurisdiction exists) to overcome that presumption, and the requirement that any doubts regarding jurisdiction be resolved in favor of remand, I respectfully recommend remand.

## II. MOTION[3]

If this Court determines that it has subject matter jurisdiction – i.e. if it determines Plaintiff's claims are § 1983 claims – then Plaintiff's request for dismissal based on res judicata should be granted. "[T]he doctrine of res judicata 'bars the filing of claims which were raised or could have been raised in an earlier proceeding.'" *Maldonado v. U.S. Atty. Gen.*, 664 F.3d 1369, 1375 (11th Cir. 2011) (quoting *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999)). A party asserting that res judicata bars a subsequent case must establish the following elements: "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." *Id.* (quoting *Ragsdale*, 193 F.3d at 1238). A party may raise res judicata "in a Rule 12(b)(6) motion to dismiss 'where the defense's existence can be judged on the face of the complaint.'" *Harrell v. Bank of Am., N.A.*, 813 F. App'x 397, 400 (11th Cir. 2020) (quoting *Concordia v. Bendekovic*, 693 F.2d 1073, 1075 (11th Cir. 1982)). "In making this determination, [courts] may consider documents attached to the complaint and take judicial notice of state and federal court records of prior proceedings." *Id.* (citing *United States ex rel. Osheroff v. Humana, Inc.*, 776 F.3d 805, 811-12 & n.4 (11th Cir. 2015)).

---

[3] When a party seeks dismissal under Rule 12(b)(6), courts must accept the factual allegations in the complaint as true and view them in the light most favorable to the plaintiff. *Cambridge Christian Sch., Inc. v. Fla. High Sch. Athletic Ass'n, Inc.*, 942 F.3d 1215, 1229 (11th Cir. 2019); *Tims v. LGE Cmty. Credit Union*, 935 F.3d 1228, 1236 (11th Cir. 2019). "To survive a motion to dismiss, however, a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Cisneros v. Petland, Inc.*, 972 F.3d 1204, 1210 (11th Cir. 2020) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

All four elements are satisfied here. First, Judge Altonaga's order dismissing the amended complaint (and closing the case) in the Prior Case and the Eleventh Circuit's opinion affirming of that order make clear that dismissal was on the merits. *See Watkins*, 824 F. App'x 865; *Watkins*, 2019 WL 11504747. Second, this Court, which rendered the decision in the Prior Case, is a court of competent jurisdiction. Third, Defendant was sued in her individual and official capacities in both cases.[4] In other words, there are no parties in this case that were not parties to the Prior Case.

Finally, this case involves the same cause(s) of action as the Prior Case. Significantly, "two cases are generally considered to involve the same cause of action if the latter case 'arises out of the same nucleus of operative fact, or is based upon the same factual predicate,' as the former one." *Maldonado*, 664 F.3d at 1375 (quoting *Ragsdale*, 193 F.3d at 1239). "*Res judicata* acts as a bar not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact." *Id.* at 1376 (quoting *Pleming v. Universal–Rundle Corp.*, 142 F.3d 1354, 1356 (11th Cir. 1998)) (internal quotation marks omitted). Here, it is abundantly clear that the claims in this case arise out of the same nucleus of operative fact as the claims in the Prior Case. The allegations in both cases concern the same incident at the same location on the same date. Moreover, many of the factual allegations in both cases are virtually identical. To the extent the claims in this case are not the exact same claims included in the Prior Case, they are undoubtedly claims that could have been raised in the Prior Case. Therefore, Plaintiff's claims are barred by the doctrine of res judicata.[5]

---

[4] As the Eleventh Circuit noted in the Prior Case: "Watkins sued the defendants in their individual and official capacities, thus effectively bringing suit against the entity that the individual defendants represent—here, Broward County—in addition to the named defendants personally." *Watkins*, 824 F. App'x at 866 n.1.

[5] Additionally, provided that Plaintiff's claims are § 1983 claims, they are also subject to dismissal for the same reasons as the Prior Case.

## **CONCLUSION**

For the reasons discussed above, I respectfully **RECOMMEND** that the District Court **REMAND** this case to the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida and deny the Motion (and any other pending motions) as moot.  Alternatively, if the Court reaches the merits of the Motion, I recommend that the Motion be granted and that this case be dismissed with prejudice.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Rodolfo A. Ruiz, II, United States District Judge.  Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida this 13th day of May 2021.

Jared M. Strauss
United States Magistrate Judge