UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-60176-RAR

**ERIC WATKINS**,

    Plaintiff,

v.

**NICOLENE JOHNSON**,

    Defendant.
_____/

## ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION

**THIS CAUSE** comes before the Court upon United States Magistrate Judge Strauss's Report and Recommendation [ECF No. 18] ("Report"), filed on May 13, 2021. The Report recommends that this case be remanded to the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. *See* Report at 1. The Report properly notified the parties of their right to object to Magistrate Judge Strauss's findings. *Id.* at 9. Plaintiff timely filed an Objection to the Report [ECF No. 19] ("Objection") on May 21, 2021. The Court being fully advised in the premises, it is hereby

**ORDERED AND ADJUDGED** that the Report [ECF No. 18] is **AFFIRMED AND ADOPTED** as explained herein.

## LEGAL STANDARD

This Court reviews *de novo* the determination of any disputed portions of the Magistrate Judge's Report. *United States v. Powell*, 628 F.3d 1254, 1256 (11th Cir. 2010). Any portions of the Report to which no specific objection is made are reviewed only for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). A proper objection "identifie[s] specific

findings set forth in the [Report] and articulate[s] a *legal* ground for objection." *Leatherwood v. Anna's Linens Co.*, 384 F. App'x 853, 857 (11th Cir. 2010) (alterations and emphasis added; citations omitted).

## **ANALYSIS**

Here, the Report recommends that this case be remanded for lack of subject matter jurisdiction. Rep. at 1. In the alternative, if this Court were to find that it has subject matter jurisdiction, the Report recommends that Defendant's Motion to Dismiss [ECF No. 4] be granted and that this case be dismissed with prejudice. Plaintiff agrees that this case should be remanded— he objects only to the Report's alternative recommendation. *See* Obj. Stated differently, Plaintiff asserts that this Court may not grant Defendant's Motion because it lacks subject matter jurisdiction over the instant action. In support of his Objection, Plaintiff explains that he never intended to file a federal cause of action pursuant to Section 1983 and that his Complaint only asserts state law false arrest claims which he argues is evidenced by his exclusive reliance on Florida law. *See* Obj. at 2.

Generally, plaintiff is the master of his complaint. Thus, if plaintiff chooses to ground his complaint solely in state law, then the action is ordinarily not removable. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987). In his Objection, Plaintiff repeatedly asserts that he only intended to assert state law causes of action. *See generally,* Obj. This Court will not disturb Plaintiff's chosen forum and in any event, cannot assert jurisdiction over this action in light of these representations.

Ultimately, the Court agrees with Magistrate Judge Strauss's findings and primary recommendation. At first glance, the allegations in Plaintiff's Complaint reveal uncertainty as to the nature of the claims being alleged. However, it is Defendant's burden to ensure that jurisdiction

exists, and Defendant has failed to meet her burden despite having the opportunity to brief the issue before Magistrate Judge Strauss. Therefore, the Court finds that remand is appropriate "given the presumption that a cause lies outside of this Court's limited jurisdiction, the fact that it was Defendant's burden . . . to overcome that presumption, and the requirement that any doubts regarding jurisdiction be resolved in favor of remand[.]" Rep. 6-7. Further, Plaintiff irrefutably asserts he intended to bring claims under state and not federal law. *See generally,* Obj.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Objection [ECF No. 19] is **OVERRULED IN PART.**

2. The Report [ECF No. 18] is **AFFIRMED AND ADOPTED**.

3. This action is **REMANDED** to the Seventeenth Judicial Circuit in and for Broward County, Florida. The Clerk is instructed to **CLOSE** this case. Any pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 28th day of May, 2021.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**